IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE MOORE,

    Plaintiff,

v.

STATE COLLECTION SERVICE, INC.,

    Defendant.

Case No.

1:19-cv-03480
Judge Gary Feinerman
Magistrate Judge Jeffrey T. Gilbert

FILED

MAY 23 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

### Nature of the Case

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. This case involves a campaign by Defendant State Collection Service, Inc. to seek payment of a medical debt through the use of autodialed calls to the Plaintiff's cellular telephone number in violation of the TCPA.

3. Mr. Moore never consented to receive these calls. In fact, Mr. Moore has never even had any relationship with the original creditor or the party who allegedly owed the debt.

### PARTIES

4. Plaintiff George Moore is a natural person and resident of Illinois in this District.

5. Defendant State Collection Service, Inc. ("SCS") is a Wisconsin Corporation that has its principal office in Madison, Wisconsin and a registered agent of CT Corporation System, 208 S. LaSalle St, Suite 814, Chicago, Illinois 60604. SCS maintains a physical office in Geneva, Illinois in this District and places debt collection calls into this District, as it did with the

1

Plaintiff.

## JURISDICTION & VENUE

6. The Court has federal question subject matter jurisdiction over these TCPA claims.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant SCS is a resident of this district, and because the Plaintiff is a resident of this district, which is where he received the illegal calls that are the subject of this lawsuit.

## TCPA BACKGROUND

8. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States". *See* 47 U.S.C. § 227(b)(1)(A).

9. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

10. According to findings by the Federal Communications Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

11. The TCPA and its implementing regulations additionally require that all artificial

2

or prerecorded voice telephone messages, at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. *See* 47 U.S.C. § 227(d)(3)(A); 47 C.F.R. § 64.1200(b).

## FACTUAL ALLEGATIONS

12. SCS is a debt collection agency whose business includes, inter alia, acting as an extended business office for its health care clients' patient accounts departments.

13. Plaintiff has been the exclusive subscriber and user of his cellular telephone number (630) XXX-3205 for more than ten years prior to receipt of the calls at issue and during all times relevant to the instant action.

14. On December 18, 21 and 27, 2018, as well as on January 2, 7 and 11, 2019, Plaintiff received calls on his cellular telephone number from caller ID (630) 262-2309.

15. When Plaintiff answered the calls, he heard a prerecorded or artificial voice.

16. The calls were made using an automatic telephone dialing system, as it would be illogical for a human to dial a number manually only to play a prerecorded or artificial voice message.

17. On January 3, 2019, Plaintiff received a call on his cellular telephone number from the same caller ID number (630) 262-2309.

18. When Plaintiff answered the call, he heard continuous silence.

19. The silent nature of the call is further indication that an automatic telephone dialing system was used to call the Plaintiff, as a human caller would otherwise have engaged in conversation when the Plaintiff answered.

20. On January 24, 2019, Plaintiff received a call on his cellular telephone number from the same caller ID number (630) 262-2309.

21. When Plaintiff answered, he became connected with a representative who identified herself as with Rush Copley Medical Center's "patient financial service" and asked for a person unknown to the Plaintiff.

22. The purpose of all these calls was to seek payment of a medical debt from a third party unrelated to the Plaintiff.

23. After the calls the Plaintiff received, he contacted Rush Copley Medical Center, who informed him that the calls were from State Collection Service.

24. Plaintiff did not provide his prior express consent for SCS to make automated calls to his cellular telephone number.

25. Furthermore, the prerecorded or artificial voice messages the Plaintiff received generally did not state any identity of the caller.

26. SCS is well aware of the TCPA and likely knew that making such calls is illegal, but did this anyway.

27. As a result of SCS's acts outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Subjecting Plaintiff to annoying and harassing calls that constitute a nuisance;

    b. Invasion of privacy;

    c. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    d. Wasting Plaintiff's time;

    e. Depletion of Plaintiff's cellular telephone battery;

    f. Cost of electricity to recharge Plaintiff's cellular telephone battery; and

g. Stress, aggravation and frustration.

## COUNT I
## VIOLATION OF THE TCPA'S AUTOMATED CALL PROVISIONS

28. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

29. The Defendant violated the TCPA by initiating telephone calls to the Plaintiff's cellular number using an automatic dialing system and/or an artificial or prerecorded voice. *See* 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1).

30. The Defendant's violations were willful and/or knowing.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against the Defendant, as follows:

A. Because of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), treble damages, as provided by statute, of up to $1,500 for every call that violated the TCPA;

B. Because of Defendant's statutory violations of 47 U.S.C. § 227(b), $500 in statutory damages for every call that violated the TCPA;

C. Costs of suit;

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

RESPECTFULLY SUBMITTED,

|  |  |
|---|---|
|  | GEORGE MOORE, Pro Se |
| DATED: May ~~20~~ 23, 2019 | By: /s/ George Moore |
|  | George Moore<br>906 Chatham Drive<br>Carol Stream, IL 60188<br>Email: gmoore3@att.net<br>Telephone: (630) 699-3205 |